# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MENDEZ, MARK ANTHONY MENDEZ, and BRENDA MENDEZ,<br><br>                        Plaintiffs,<br>vs.<br><br>JAMES W. KEELING, an individual; KAREN DICK, an individual; QUALITY CONNECTION SALES AND INSTALLATION, LTD., a Canadian corporation; and FUNDACION TARRAS, a Panamanian corporation,<br><br>                        Defendants. | CASE NO. 09cv2261 BEN (WMC)<br><br>**ORDER:**<br>• **DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br>• **GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br>[Dkt. Nos. 38, 40] |

## INTRODUCTION

Defendants James W. Keeling, Karen Dick, Quality Connection Sales and Installations, Ltd., and Fundacion Tarras and Plaintiffs Michael Mendez, Mark Mendez, and Brenda Mendez have filed cross motions for summary judgment. (Dkt. Nos. 38, 40.) Defendants argue that Plaintiffs' claims are precluded by the doctrines of res judicata and election of remedies. Plaintiffs argue that there are no genuine issues of material fact and Plaintiffs are entitled to judgment as a matter of law. For the reasons discussed below, Defendants' motion for summary judgment is **DENIED** and Plaintiffs' motion for summary judgment is **GRANTED.**

## BACKGROUND

Plaintiffs and Defendant Keeling were parties to a proceeding before the Probate Division in San Diego Superior Court. Plaintiffs and Defendant Keeling resolved their dispute and entered into a settlement agreement. The settlement agreement required the transfer of two pieces of property to Defendant Keeling — 2044 E. Tenth Street and 2016 E. Tenth Street in National City, California. The settlement also required Defendant Keeling to pay Plaintiffs $225,000 within sixty days of approval of the settlement by the probate court. The settlement agreement further provided that if the $225,000 payment was not paid within sixty days, interest would accrue at 6% per year.

The probate court approved the settlement agreement at a hearing on May 4, 2009 and ordered the parties to perform according to the terms of the agreement, *i.e.*, properties transferred to Defendant Keeling and Defendant Keeling's payment of $225,000 to Plaintiffs within 60 days (July 3, 2009). In approving the settlement, the probate court refused to find that the settlement agreement contained implied concurrent conditions — that the distribution of the property was conditioned on payment. The probate court also refused to immediately enter judgment against Defendant Keeling. The probate court found that, under the settlement agreement, the property distribution and payment were expressly nonconcurrent and entry of judgment was improper because Defendant Keeling still had sixty days to make payment. At a hearing on June 2, 2009, the probate court reiterated that Defendant Keeling must pay by July 3, 2009.

On June 18, 2009, in accordance with the settlement agreement, the trustee distributed the two properties to Defendant Keeling. Six days later, on June 24, 2009, Defendant Keeling transferred the 2016 E. Tenth St. property to Defendant Karen Dick and the 2044 E. Tenth St. property to Quality Connections. On July 6, 2009, the probate court entered judgment against Defendant Keeling for $207,647.04.[1] Defendant Quality then transferred the 2044 E. Tenth St. property to Defendant Dick. On August 6, 2009, Plaintiffs recorded a lis pendens against both properties. And on August 17, 2009, Defendant Dick transferred both of the properties to Defendant Fundacion Tarras. The parties dispute whether the transfers were without consideration. The quitclaim deeds indicate the transfers were gifts

---

[1] The $225,000 owed by Defendant Keeling was reduced by an amount Defendant Keeling paid to the trustee for trustee fees owed by Plaintiffs.

1  for no consideration, but Defendant Keeling now claims that all the transfers were to satisfy legal
2  expenses. Defendant Keeling has a longstanding business and personal relationship with Defendant
3  Dick who is a director of Quality and Fundacion. Defendant Keeling admitted in his Answer that he
4  is the controlling owner/principal of Defendant Fundacion, although he now claims otherwise.

5  After the probate court entered judgment, Plaintiffs sought a number of remedies to enforce
6  the settlement agreement including avoidance of fraudulent transfer, a judgment lien on real property,
7  an injunction against further disposition, appointment of a receiver, and an order for a judgment
8  debtor's examination. On September 25, 2009, the probate court denied Plaintiffs' requests for a
9  number of reasons without reaching the merits. First, the probate court found that Plaintiffs were
10 seeking relief beyond the scope of California Code of Civil Procedure § 664.6, the only basis for the
11 probate court's jurisdiction. Second, the probate court found that the entry of judgment constituted
12 the only relief the probate court was authorized to grant under the circumstances. Third, the probate
13 court found that it did not have personal jurisdiction over the transferees of the property. But, the
14 probate court advised Plaintiffs to pursue other available legal procedures to collect the judgment in
15 civil court, including, as examples, a judgment lien on the property, a judgment debtor examination,
16 and attorney's fees and costs for enforcing the judgment.

17 Shortly thereafter, Plaintiffs filed this action. Plaintiffs assert five claims for relief: (1)
18 Racketeer Influenced and Corrupt Organizations Act (RICO); (2) Fraudulent Transfer; (3) Creditors
19 Action; (4) Imposition of Judgment Lien Against Real Property; and (5) Promissory Fraud.

20 **DISCUSSION**

21 Summary judgment should be granted when "the movant shows that there is no genuine dispute
22 as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P.
23 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material
24 fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). If the moving party meets this
25 burden, the burden then shifts to the opposing party to set forth specific facts showing that a genuine
26 issue remains for trial. *Id.* "Summary judgment procedure is properly regarded not as a disfavored
27 procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed
28 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett,*

477 U.S. 317, 327 (1986) (quoting Federal Rule of Civil Procedure 1)).

"[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that their be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48. Evidence raises a genuine issue of material fact if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id..* at 248. The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 252.

"Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . . The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). "A 'justifiable inference' is not necessarily the most likely inference or the most persuasive inference. Rather, 'an inference as to another material fact may be drawn in favor of the nonmoving party . . . if it is rational or reasonable.'" *United Steelworkers of America v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir. 1989) (quoting *T.W. Elec. Serv. v. Pac. Elec. Contractors*, 809 F.2d 626, 631 (9th Cir. 1987)).

**I.   Defendants' Motion for Summary Judgment**

Defendants argue that Plaintiffs' claims are precluded under the doctrines of res judicata and election of remedies. But, because the probate court did not rule on the claims Plaintiffs are pursuing here and because the remedies Plaintiffs seek are consistent with the probate court's rulings, the Court finds that Plaintiffs' claims are not barred by res judicata or election of remedies.

**A.   Res Judicata**

"Res judicata, or claim preclusion, prevents relitigation of a claim previously tried and decided." *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992). "Res judicata bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action." *Id.* (citing *McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986)). The Court considers four factors "when determining whether successive lawsuits involve the same 'cause of action': (1) whether rights or interests established in the prior judgment

would be destroyed or impaired by the prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two actions involve infringement of the same right; and (4) whether the two actions arise out of the same transactional nucleus of facts." *Littlejohn v. United States*, 321 F.3d 915, 920 (9th Cir. 2003).

The rights or interests established in the prior judgment are not impaired or destroyed by the prosecution of this action. In declining to impose the post-judgment remedies Plaintiffs sought before the probate court, the probate court found that the enforcement mechanisms Plaintiffs were seeking exceeded the scope of California Code of Civil Procedure § 664.6. Section 664.6 provides the court with jurisdiction to enter judgment pursuant to the terms of the settlement. The probate court found that its entry of judgment, with interest to accrue thereon per the terms of the settlement agreement, was the only relief available from that court under § 664.6. But the probate court also found that Plaintiffs had not yet initiated the legal procedures available to them to collect on this judgment. The probate court even provided examples of other remedies available. The probate court also noted its lack of personal jurisdiction over the alleged transferees, Defendants Dick, Quality, and Fundacion, because they were not parties to the settlement agreement.

The probate court did not reach the merits of any civil remedies available to Plaintiffs, but rather directed them to the civil division to seek remedies to enforce the judgment. The claims Plaintiffs are pursuing here do not destroy or undermine the probate court's ruling on the enforcement mechanisms because the probate court declined to rule on those issues. By contrast, if Plaintiffs were challenging the probate court's finding that transfer of the properties was not conditioned on payment by Defendant Keeling or challenging the amount of judgment entered by the probate court, such challenges would impair the prior judgment.

There is some overlap in the evidence presented in the two actions because Plaintiffs sought to enforce the judgment before the probate court. However, as explained above, the probate court declined to reach the merits of the remedies Plaintiffs sought, minimizing the significance of that overlap in the evidence.

///

///

The two actions do not involve infringement of the same right or arise out of the same transactional nucleus of facts. In the probate action, Plaintiffs and Defendant Keeling resolved a probate dispute through the entry of a settlement agreement. In accordance with that agreement, the probate court entered judgment against Defendant Keeling when he failed to pay Plaintiffs. Plaintiffs now seek to enforce the judgment obtained in the probate proceedings and recover for Defendants' fraudulent conduct.

Because the four factors weigh against a finding that Plaintiffs' claims in this case involve the same cause of action, res judicata does not bar Plaintiffs' claims.

### B.     Election of Remedies

California's election of remedies doctrine "acts as a bar precluding a plaintiff from seeking an inconsistent remedy as the result of his previous conduct or election." *In re Reaves*, 285 F.3d 1152, 1157 (9th Cir. 2002) (quoting *Roam v. Koop*, 41 Cal. App. 3d 1035, 1039 (4th Dist. 1974)). "[A] party having two or more coexisting modes of procedure and relief allowed by law on the same state of facts, one of which is inconsistent with the other, may not pursue both but must choose between them, and when, with knowledge of the facts, he has clearly elected to proceed upon one, he is thereby bound and will be estopped from invoking the other." *Id.* (quoting *Calhoun v. Calhoun*, 81 Cal. App. 2d 297, 305 (4th Dist. 1947)).

As previously explained, Plaintiffs resolved a probate dispute through a settlement agreement with Defendant Keeling and, when Defendant Keeling failed to meet his obligations under the settlement agreement, Plaintiffs pursued a variety of remedies for his breach of the settlement agreement and his allegedly fraudulent transfers of the property conveyed to Defendant Keeling under the settlement agreement. The probate court, recognizing the limits of its jurisdiction, entered judgment against Defendant Keeling and directed Plaintiffs to the civil division to pursue other remedies.

Plaintiffs do not seek relief inconsistent with the relief obtained in the probate court. *Calhoun*, 81 Cal. App. 2d at 305 (wife precluded from pursuing alimony in later action when she was denied permanent relief in prior proceeding). Nor are Plaintiffs pursuing tort remedies having already obtained relief under contract because Plaintiffs' claims are based on Defendants' fraudulent transfers

which do not arise from the same set of facts as the probate dispute. *Roam*, 41 Cal. App. 3d at 1041 (suggesting election of remedies would apply where plaintiff obtained writ of attachment, available only in contract). "[T]his is not a situation in which there were two *inconsistent* remedies that were both pursued on the same set of facts." *Reaves*, 285 F.3d at 1158 (emphasis in original). Rather, Plaintiffs are pursuing remedies complementary to the judgment obtained in probate court — enforcement of the judgment obtained and recovery for Defendants' fraudulent transfers. *See id.*

Because Plaintiffs' claims are not precluded under the doctrines of res judicata or election of remedies, Defendants' motion for summary judgment is **DENIED**.

## II.   Plaintiffs' Motion for Summary Judgment

Plaintiffs move for summary judgment on each of their five claims. Because there are no genuine issues of material fact in dispute and Plaintiffs are entitled to judgment as a matter of law, Plaintiffs' motion for summary judgment is **GRANTED.**

### A.   Imposition of Judgment Lien

Plaintiffs move for summary judgment on their claim for imposition of a judgment lien under California Code of Civil Procedure § 695.010. Section 695.010 provides:

> (a) Except as otherwise provided by law, all property of the judgment debtor is subject to enforcement of a money judgment.
>
> (b) If property of the judgment debtor was attached in the action but was transferred before entry of the money judgment in favor of the judgment creditor, the property is subject to enforcement of the money judgment so long as the attachment lien remains effective.

The parties agree that Defendant Keeling obtained title to the properties on June 18, 2009 and conveyed those properties to Defendant Dick and Defendant Quality Connection on June 24, 2009. Judgement was not entered against Defendant Keeling until July 6, 2009, and the property was not attached prior to the entry of Judgment. Because Defendant Keeling's initial transfers of the properties occurred before the entry of a judgment in favor of Plaintiffs and the property was not previously attached, the property is not subject to enforcement of the judgment under § 695.010 based on Defendant Keeling's initial ownership of the properties.

///

///

However, Defendant Keeling admits that he is the "controlling principal/owner of Defendant Fundacion." (Defendant's Answer ¶ 5.) And Plaintiffs recorded their abstract of judgment and lis pendens prior to the transfer of the subject properties to Defendant Fundacion. Plaintiffs have demonstrated that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law, shifting the burden to Defendants to set forth specific facts showing that a genuine issue remains for trial. *Anderson*, 477 U.S. at 256.

Defendants have not and cannot meet this burden. As to Defendant Keeling's ownership of the properties through Defendant Fundacion, there can be no dispute. Defendant Keeling's attempt to explain away his judicial admission does not create a genuine issue of material fact. "Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). Defendant Keeling's admission is, therefore, "conclusively binding" on him. *Id.*

Because Plaintiffs have established that the properties actually belong to Defendant Keeling, the judgment debtor, Plaintiffs' motion for summary judgment on their claim for imposition of a judgment lien is **GRANTED**.

**B.     Creditor's Action**

Plaintiffs move for summary judgment on their claim for a creditor's action pursuant to California Code of Civil Procedure §§ 708.210, 708.280(b). Section 708.210 provides:

> If a third person has possession or control of property in which the judgment debtor has an interest or is indebted to the judgment debtor, the judgment creditor may bring an action against the third person to have the interest or debt applied to the satisfaction of the money judgment.

Section 708.280(b) provides that the Court shall render judgment accordingly if the judgment creditor establishes that a third party has property in which the judgment debtor has an interest. As discussed above, Plaintiffs have demonstrated Defendant Keeling's interest in the properties as he owns and controls Defendant Fundacion, the third party holding title to the properties. Accordingly, Plaintiffs are entitled to have Defendant Keeling's interest in the properties applied to the satisfaction of Plaintiffs' money judgment. Their motion for summary judgment on the claim for creditor's action

is **GRANTED**.

### C.     Fraudulent Transfer

Plaintiffs move for summary judgment on their claim for fraudulent transfer under California Civil Code § 3439.04(a)(1). Under § 3439.04(a), "[a] transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer" if the transfer was made "[w]ith actual intent to hinder, delay, or defraud any creditor of the debtor." Section 3439.04(b) provides a non-exhaustive list of eleven factors that may be considered in determining actual intent. Plaintiff relies on five of the eleven: whether the transfer was to an insider; whether the debtor retained possession or control of the property transferred after the transfer; whether, before the transfer was made the debtor had been sued or threatened with suit; whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred; and whether the transfer occurred shortly before or shortly after a substantial debt was incurred. *See* § 3439.04(b).

By demonstrating that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law, Plaintiffs shift the burden to Defendants to set forth specific facts showing that a genuine issue remains for trial. *Anderson*, 477 U.S. at 256.

Defendants have not met their burden. Defendant Keeling's admission that he is the "controlling principal/owner of Defendant Fundacion," the entity that ended up with title to both properties, and his undisputed connections to Defendant Dick establish that the transfer was to an insider and that Defendant Keeling retained control over the properties. As previously discussed, Defendant Keeling's attempt to dispute his judicial admission does not raise a genuine issue of material fact.

Plaintiffs' evidence also establishes that at the time of the transfers, Defendant Keeling was being threatened with suit and he was about to incur a substantial debt. Defendants argue that, because the money owed was not in exchange for the property, there is a material fact in dispute. But, that does not change the undisputed fact that Defendant Keeling transferred the properties shortly before he became obligated to pay Plaintiffs. Defendant Keeling's claim that the judgement came as a complete surprise to him because he believed his payment of trust expenses on behalf of the Plaintiffs covered

the 6% interest and precluded judgment is equally unavailing. The probate court was absolutely clear with Defendant Keeling that judgment would be entered against him if he failed to pay Plaintiffs by a date certain; he was faced with this undisputed reality when he transferred the properties. The evidence "is so one-sided that [Plaintiffs] must prevail as a matter of law." *Anderson*, 477 U.S. at 252. No "reasonable jury could return a verdict for the [Defendants]." *Id.* at 248.

Plaintiffs' evidence also establishes that the value of the consideration received by the debtor was not reasonably equivalent to the value of the asset transferred. Each quitclaim deed transferring the properties, including those signed by Defendant Keeling, indicates that it is a gift, for no consideration. Accordingly, Plaintiffs have established that the transfers are not reasonably equivalent to the value of the properties transferred. Defendant Keeling's general claim that he transferred the properties to cover his legal expenses does not raise a genuine issue of material fact. His self-serving assertion in his deposition, without any evidentiary support, is not sufficient such that "a reasonable jury could return a verdict for [Defendants]." *Id.*

Because there are no genuine issues of material fact in dispute and Plaintiffs are entitled to judgment as a matter of law, Plaintiffs' motion for summary judgment on their claim for fraudulent transfer is **GRANTED**.

### D. Promissory Fraud

Plaintiffs move for summary judgment on their claim for promissory fraud under California Civil Code § 1710 against Defendant Keeling. "An action for promissory fraud may lie where a defendant fraudulently induces the plaintiff to enter into a contract." *Serv. by Medallion, Inc. v. Clorox Co.*, 44 Cal. App. 4th 1807, 1816 (6th Dist. 1996) (quoting *Lazar v. Superior Court,* 12 Cal. 4th 631, 638 (1996)). "The action is one of deceit, which requires proof that the defendant made a misrepresentation of fact or a promise without any intention of performing it." *Id.* (citing California Civil Code § 1710).

Plaintiffs have put forth evidence showing Defendant Keeling transferred the properties he received under the settlement agreement numerous times immediately after receiving them for no consideration, that he refused to pay his obligation under the settlement agreement, and that he did not intend to perform his obligation under the settlement agreement. From Plaintiffs' evidence, a jury

could find Defendant Keeling had no intention of performing under the settlement agreement when he entered into it. Defendant Keeling's claim in his deposition that he intended to perform at the time he entered into the settlement agreement is not sufficient for a reasonable jury to return a verdict for him. *Anderson*, 477 U.S. at 248. Defendant Keeling has not met his burden to set forth specific facts showing that a genuine issue remains for trial. *Id.* at 256.

Plaintiffs' motion for summary judgment against Defendant Keeling on their claim for promissory fraud is **GRANTED**.

### E. RICO

Defendants assert three challenges to Plaintiffs' motion for summary judgment on their claim for a RICO violation: (1) Plaintiffs have not established a series of fraudulent transfers; (2) RICO was only intended to combat organized crime, not the kind of conduct alleged here; and (3) Plaintiffs have not established a "pattern" of racketeering activity.

As to the first point, as previously discussed, Plaintiffs have established Defendants engaged in a series of fraudulent transfers, a necessary prerequisite for Plaintiffs' RICO claim. As to the second, "RICO is to be read broadly. This is the lesson not only of Congress' self-consciously expansive language and overall approach . . . , but also of its express admonition that RICO is to be liberally construed to effectuate its remedial purposes." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 497-98 (1985) (internal citations and quotations omitted). "The fact that RICO has been applied in situations not expressly anticipated by Congress does not demonstrate ambiguity. It demonstrates breadth." *Id.* at 499. Nor is a criminal conviction a necessary prerequisite for a RICO claim. *Id.* at 493. RICO is not limited to "the archetypal, intimidating mobster." *Odom v. Microsoft Corp.*, 486 F.3d 541, 546 (9th Cir. 2007) (en banc) (quoting *Sedima*, 473 U.S. at 499).

Finally, Plaintiffs have established a pattern of racketeering activity. Plaintiff must establish that the predicate acts amount to a "*continuing* racketeering activity." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 240 (1989) (emphasis in original). "Continuity is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." *Id.* at 241. Plaintiffs rely on the open-ended concept, *i.e.*, "conduct that by its nature projects into the future with a threat of repetition." *Id.*

Plaintiffs have established a pattern of racketeering activity because Defendants conduct, numerous transfers of the property to avoid collection of the judgment against Defendant Keeling, presents a threat of repetition. Id. at 242 ("Though the number of related predicates involved may be small and they may occur close together in time, the racketeering acts themselves include a specific threat of repetition extending indefinitely into the future, and thus supply the requisite threat of continuity"). Accordingly, Plaintiffs' motion for summary judgment on their RICO claim is **GRANTED**.

## CONCLUSION

Defendants' motion for summary judgment is **DENIED**. Plaintiffs' motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

DATED: April 13, 2011

Hon. Roger T. Benitez
United States District Judge