FILED

'12 APR 18 AM 10: 56

CLERK, U.S. DISTRICT ...
SOUTHERN DISTRICT OF CALIFORNIA

BY: PM  DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MENDEZ, MARK ANTHONY MENDEZ, and BRENDA MENDEZ,<br><br>                                  Plaintiffs,<br>vs.<br><br>JAMES W. KEELING, an individual; KAREN DICK, an individual; QUALITY CONNECTION SALES AND INSTALLATION, LTD., a Canadian corporation; and FUNDACION TARRAS, a Panamanian corporation,<br><br>                                  Defendants. | CASE NO. 09cv2261 BEN (WMC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ORDER IMPOUNDING RENTS PENDING APPEAL OR, ALTERNATIVELY, REQUIRING DEFENDANTS TO POST SUPERSEDEAS BOND ON APPEAL, [Doc. No. 70].** |

      Currently before the Court is Plaintiffs' motion to impound rents or to require Defendants to post a supersedeas bond pending appeal. In the alternative, Plaintiffs seek appointment of a receiver or the Court's permission to proceed to enforce the judgment against Defendants while the appeal is pending. The Court previously granted Plaintiffs' motion for summary judgment and denied Defendants' motion for summary judgment. Having considered the parties' arguments, and for the reasons set forth below, the Court **GRANTS IN PART and DENIES IN PART** the motion to impound rents or to require Defendants to post a supersedeas bond. Specifically, the Court **GRANTS** Plaintiffs' motion to appoint a receiver over the subject properties pending appeal.

# BACKGROUND

Plaintiffs Michael Mendez, Mark Anthony Mendez, and Brenda Mendez and Defendant James E. Keeling were parties to a proceeding before the Probate Division in San Diego Superior Court. Plaintiffs and Defendant Keeling resolved their dispute and entered into a settlement agreement. The settlement agreement required the transfer of two pieces of property to Defendant Keeling—2044 E. Tenth Street and 2016 E. Tenth Street in National City, California. The settlement also required Defendant Keeling to pay Plaintiffs $225,000 within sixty days of approval of the settlement by the probate court. The probate court approved the settlement agreement at a hearing on May 4, 2009.

On June 18, 2009, in accordance with the settlement agreement, the trustee distributed the two properties to Defendant Keeling. Six days later, on June 24, 2009, Defendant Keeling transferred the 2016 E. Tenth Street property to Defendant Karen Dick and the 2044 E. Tenth Street property to Quality Connections. On July 6, 2009, after Defendant Keeling failed to perform his part of the settlement agreement, the probate court entered judgment against him for $207,647.04. Defendant Quality then transferred the 2044 E. Tenth Street property to Defendant Dick. On August 6, 2009, Plaintiffs recorded a lis pendens against both properties. On August 17, 2009, Defendant Dick transferred both of the properties to Defendant Fundacion Tarras. Defendant Keeling has a longstanding business and personal relationship with Defendant Dick, who is a director of Quality and Fundacion. Defendant Keeling is also the controlling principal/owner of Defendant Fundacion.

After the probate court entered judgment, Plaintiffs sought a number of remedies to enforce the settlement agreement, all of which were unsuccessful. Finally, on October 13, 2009, Plaintiffs filed the present action, asserting five claims for relief: (1) Racketeer Influenced and Corrupt Organizations Act ("RICO"); (2) fraudulent transfer; (3) creditor's action; (4) imposition of judgment lien against real property; and (5) promissory fraud. The parties subsequently cross-moved for summary judgment. On April 13, 2011, the Court denied Defendants' motion for summary judgment and granted Plaintiffs' respective motion. [Doc. No. 59.] The Court determined that Defendant Keeling, as the controlling principal/owner of Defendant Fundacion, retained an interest in both of the subject properties, and therefore Plaintiffs were entitled to have Defendant Keeling's interest in the properties applied to the satisfaction of Plaintiffs' money judgment. The Court also determined that

Plaintiffs were entitled to summary judgment on their claims for fraudulent transfer, promissory fraud, and RICO violations. On May 3, 2011, Defendants filed a notice of appeal regarding this Court's order ruling on cross-motions for summary judgment. That appeal is still pending.

Plaintiffs filed the present motion on September 12, 2011, seeking an order from this Court requiring Defendants either to impound the rents from the subject properties or to post a supersedeas bond pending appeal. In the alternative, Plaintiffs seek appointment of a receiver or the Court's permission allowing them to enforce the judgment. Plaintiffs contend that these actions are necessary to prevent irreparable harm—i.e., the possible inability of Plaintiffs to enforce their monetary judgment against Defendant Keeling after the appeal. According to Plaintiffs, Defendants are currently collecting approximately $2,600 per month in rents on the properties, but are not paying the property taxes, and have already accumulated unpaid delinquencies and penalties in excess of $26,000. (*See* Lynn Decl. ISO Pl. Motion ¶¶ 2, 3 [Doc. No. 70-3]; *see also id.*, Exhs. A, B, C.) Plaintiffs fear that if the money is not set aside, or if they are not otherwise permitted to enforce their monetary judgment at this time, then there is a real danger that they will not be able to enforce their monetary judgment after the appeal if the subject properties are sold at a tax foreclosure sale. Defendants respond that because there is merely a "possibility" of the properties being sold at a tax foreclosure sale, and because the question concerns monetary damages, Plaintiffs cannot demonstrate irreparable harm. Defendants further contend Plaintiffs cannot meet the other elements necessary for injunctive relief.

## DISCUSSION

The Court believes appointment of a receiver is appropriate under the circumstances. Federal Rule of Civil Procedure 69 governs procedures on execution of a judgment. It provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

FED. R. CIV. P. 69(a). Plaintiffs contend that Rule 66 applies in this case and permits appointment of a receiver. "The federal rules, including Rule 66, qualify as federal statutes under Rule 69(a)." *Office Depot Inc. v. Zuccarini*, 596 F.3d 696, 701 (9th Cir. 2010). Therefore, to the extent it applies, Rule 66 prevails over any state law. *See id.* However, Rule 66 only applies to actions "in which the appointment of a receiver is sought or a receiver sues or is sued." That is not the case here. Plaintiffs

have not sought an appointment of a receiver as a remedy in their complaint; rather, they are seeking the appointment of a receiver as an equitable remedy to enforce the judgment obtained from this Court.[1] Accordingly, because Rule 66 does not provide a governing rule, the Court looks to state law.

Rule 69(a) "'permits judgment creditors to use any execution method consistent with the practice and procedure of the state in which the district court sits.'" *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 421 (9th Cir. 1998) (citation omitted). Under California law, § 708.610 of the California Code of Civil Procedure states that the provisions of Chapter 5, commencing with § 564, govern the appointment, qualifications, powers, rights, and duties of a receiver. *See Wells Fargo Fin. Leasing, Inc. v. D & M Cabinets*, 177 Cal. App. 4th 59, 70 (2009). Section 564(b)(3) provides that a receiver may be appointed by the court after judgment to carry the judgment into effect. *See, e.g., Joe Hand Promotions, Inc. v. Ramirez*, No. C 09-03589 JW, 2011 WL 7462817, at *1 (N.D. Cal. Apr. 25, 2011); *J & J Sports Prods., Inc. v. Huezo*, No. C 09-4906 CW, 2011 WL 1134265, at *1 (N.D. Cal. Mar. 25, 2011). "The court may appoint a receiver to enforce the judgment where the judgment creditor shows that, considering the interests of both the judgment creditor and the judgment debtor, the appointment of a receiver is a reasonable method to obtain the fair and orderly satisfaction of the judgment." CAL. CIV. PROC. CODE § 708.620.

In this case, by prevailing on their summary judgment motion, Plaintiffs have shown that they have a meritorious claim. Plaintiffs have also shown that Defendants have previously engaged in fraudulent conduct to avoid paying the amounts due under the settlement agreement and that, due to Defendants' current failure to pay property taxes, the subject properties are in real danger of being lost or squandered. Finally, Plaintiffs have shown that appointment of a receiver is the best way to protect Plaintiffs' interest in the properties (particularly the rents) pending appeal. Accordingly, the Court is satisfied that appointment of the receiver to enforce the judgment would be "a reasonable method to obtain the fair and orderly satisfaction of the judgment" in this case. *See* CAL. CIV. PROC. CODE § 708.620; *see also Canada Life Assur. Co.*, 563 F.3d at 844 (under federal law, "courts consider a

---

[1] For this reason, the decision in *Canada Life Assurance Company v. LaPeter*, 563 F.3d 837 (9th Cir. 2009), is inapposite. *See id.* at 840 (affirming the district court's decision to appoint a receiver to assume possession, management, and control of a mall that served as collateral for a loan sued upon, where the appointment of a receiver was the specific remedy sought in the complaint).

variety of factors in making this determination, including, for example: (1) 'whether the party seeking the appointment has a valid claim'; (2) 'whether there is fraudulent conduct or the probability of fraudulent conduct,' by the defendant; (3) whether the property is in imminent danger of 'being lost, concealed, injured, diminished in value, or squandered'; (4) whether legal remedies are inadequate; (5) whether the harm to plaintiff by denial of the appointment would outweigh injury to the party opposing appointment; (6) 'the plaintiff's probable success in the action and the possibility of irreparable injury to plaintiff's interest in the property'; and, (7) 'whether the plaintiff's interests sought to be protected will in fact be well-served by receivership'" (citations omitted)); *N.Y. Life Ins. Co. v. Watt W. Inv. Corp.*, 755 F. Supp. 287, 292 (E.D. Cal. 1991) (listing similar factors).

In light of the foregoing, the Court need not address whether Plaintiffs are entitled to injunctive relief pursuant to Federal Rule of Civil Procedure 62(c).[2]

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to impound rents or to require Defendants to post a supersedeas bond pending appeal is **GRANTED IN PART and DENIED IN PART**. Specifically, the Court **GRANTS** Plaintiffs' request to appoint a receiver over the subject properties. The receiver shall have all of the powers and duties as permitted by California law. **Within fourteen (14) days of the filing of this Order**, Plaintiffs shall submit supplemental briefing as to who should be appointed as a receiver in this case, as well as the specific duties and powers of the receiver. Defendants may file a response **within fourteen (14) days** of the filing of Plaintiffs' supplemental briefing.

**IT IS SO ORDERED.**

Dated: April ___, 2012

Honorable Roger T. Benitez
United States District Judge

---

[2] Moreover, the Court denies Plaintiffs' request that Defendants post a supersedeas bond. As a general rule, when a judgment is entered in favor of one party, and absent any indication to the contrary, that party is free to begin efforts to enforce the judgment. *See, e.g., Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1472 (9th Cir. 1992). In this case, there has been no request for a stay of the Court's order pending appeal. The only stay that has been entered is in regard to Plaintiffs' motion for attorneys' fees. [*See* Doc. No. 69.] Because the Court's order granting Plaintiffs' motion for summary judgment has not been stayed, nothing is preventing Plaintiffs from beginning their efforts to enforce their monetary judgment against Defendants. Because there is no stay, Defendants are not required to post a supersedeas bond. *See* FED. R. CIV. P. 62(d).